IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK D. ROBINSON, | |
| Plaintiff, | **8:24CV243** |
| vs. | |
| BUFFALO COUNTY, Political Subdivision, in thier official capacity; CITY OF KEARNEY, Political Entity in Buffalo County, in their official capacity; SHAWN EATHERTON, in their individual and official capacity; KARI FISK, in their individual and official capacity; BRANDON BRUEGGEMANN, Deputy sheriff for Buffalo County, NE; R. ANTHONY CORDOVA, Police Detective for the city of Kearney, NE; and RYAN CARSON, District Judge, Buffalo County, NE; | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff Kirk D. Robinson, an inmate confined in the Reception and Treatment Center ("RTC") in the custody of the Nebraska Department of Correctional Services ("NDCS"),[1] filed a Complaint, Filing 1, and paid the Court's filing and administrative fees. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Buffalo County, Nebraska; the City of Kearney, Nebraska; Buffalo County Attorney Shawn Eatherton ("Eatherton"); former

---

[1] Plaintiff's address on the docket sheet is listed as the Tecumseh State Correctional Institution pursuant to a notice of change of address filed on October 31, 2024. Filing 10. However, pursuant to a filing in one of his other cases on August 11, 2025, Plaintiff indicated he is currently confined in the RTC, and the NDCS' online inmate records confirm that. *See* Filing No. 59, Case No. 8:22CV151; https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp (last visited April 14, 2026).

Deputy Buffalo County Attorney Kari Fisk ("Fisk"); Buffalo County Deputy Sheriff Brandon Brueggeman ("Brueggeman"); Kearney City Police Detective R. Anthony Cordova ("Cordova"); and former Buffalo County District Court Judge Ryan Carson ("Judge Carson").[2] Plaintiff alleges the following facts in his "Statement of Claim":

In early 2023, Plaintiff requested that Buffalo County return property that the County and the Kearney Police Department seized to use as evidence in case CR19-15 in the Buffalo County District Court. The property consisted of six firearms and related accessories. A hearing was held on Plaintiff's motion to return his property in April 2023, and "Fisk and the [Buffalo County District Court] used Neb. Rev. Stat. § 29-820 to take the property from [Plaintiff]." Filing 1 at 16. "Using §29-820, it was decided that since the property in question were firearms and . . . [Plaintiff] had been convicted of a felony, [he] could not only not possess these firearms, [he] couldn't even own them" and "had to designate another person to take ownership of this property." Filing 1 at 16. Plaintiff "started asking questions about how Buffalo County came into possession of this property and compensation for them," and "Judge Carson ended [the] hearing and did not allow [Plaintiff] to continue." Filing 1 at 5.

A review of Plaintiff's state court records in Buffalo County District Court case CR19-15 shows that Plaintiff filed a "Request for Court Order to Release Property Seized as Evidence" on March 20, 2023, in which he asked that the firearms be "released to the [Plaintiff's] sister, Patricia Freeland." See attached motion filed Mar. 20, 2023, in CR19-15.[3] A hearing was held on April

---

[2] Judge Carson is now a United States Magistrate Judge for this Court.

[3] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *State v. Kirk Robinson*, Case No. CR19-15, District Court of Buffalo County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

26, 2023, on Plaintiff's motion, and Judge Carson entered an order on April 27, 2023, which

provided:

> Following hearing, the Court orders that the Rock Island Handgun in addition to the Henry .22 Lever Action, Savage 300 Short Rifle, Ruger 10/22, Stevens 12 gauge, and Bushmaster .223 may be released to defendant's designated representative, Patricia Freeland, subject to all the requirements of the Kearney Police Department, including a satisfactory background check. Pursuant to Neb. Rev. Stat. §29-820[(1)](f), Mr. Robinson may not lawfully possess the firearms. Accordingly, ownership of the firearms listed herein shall also transfer to Ms. Freeland, presuming she otherwise qualifies.

See attached Buffalo County District Court Order in Case CR19-15 dated April 27, 2023.

On or about April 25, 2024, Plaintiff submitted a tort claim to the Clerk of Buffalo County

pursuant to the Political Subdivision and Tort Claims Act, Neb. Rev. Stat. § 13-910, seeking

compensation related to the seizure of his property "for public use." Filing 1 at 16.

As relief here, Plaintiff seeks $5,000 in compensatory damages and $25,000,000 in

punitive damages "for the violation of constitutional rights and for the defendant's reluctance to

work with [Plaintiff] by ignoring [his] tort." Filing 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief

against a governmental entity or an officer or employee of a governmental entity to determine

whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must

dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state

a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across

the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

Liberally construed, Plaintiff here alleges violations of his Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983.  To state a section 1983 claim, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  Upon review, the Court concludes Plaintiff's Complaint fails to state a plausible claim for relief under any of the amendments cited and should be dismissed.

### A. Fourth Amendment

Plaintiff alleges, in conclusory fashion, that his Fourth Amendment rights were violated because law enforcement lacked a proper search warrant when obtaining possession of the firearms, Filing 1 at 16, resulting in an "illegal seizure," Filing 1 at 3.  The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.  A § 1983 claim based on the Fourth

4

Amendment requires a plaintiff to demonstrate that a search or seizure occurred, and the search or seizure was unreasonable. *Clark v. Clark*, 926 F.3d 972, 977 (8th Cir. 2019). Here, Plaintiff alleges no facts from which the Court may infer that the seizure of the firearms as evidence in case CR19-15 was unreasonable. Plaintiff's legal conclusion that law enforcement lacked a proper warrant when seizing the firearms is insufficient to state a plausible claim for relief. *See Wit v. City of Lincoln, Nebraska*, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (quoting *Iqbal*, 556 U.S. at 678) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Because Plaintiff has provided no more than unadorned accusations, "supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, Plaintiff's Fourth Amendment claim fails and will be dismissed.

**B. Fifth Amendment**

Liberally construed, Plaintiff alleges a Fifth Amendment takings claim based on Fisk's and Judge Carson's use of Neb. Rev. Stat. § 29-820[4] to "take" Plaintiff's firearms from him without just compensation by requiring that the firearms be owned by someone else. Filing 1 at 5, 16. "The Takings Clause, applicable to the States through the Fourteenth Amendment, provides that 'private property [shall not] be taken for public use, without just compensation.'" *Tyler v. Hennepin Cnty., Minnesota*, 598 U.S. 631, 637 (2023) (quoting U.S. Const. amend. V). "A property owner

---

[4] In relevant part, section 29-820 provides:

> (1) Unless other disposition is specifically provided by law, when property seized or held is no longer required as evidence, it shall be disposed of by the law enforcement agency on such showing as the law enforcement agency may deem adequate, as follows:
> . . .
> (f) Firearms which have come into the law enforcement agency's possession through a seizure or otherwise and (i) have not been used in the commission of crime, (ii) have not been defaced or altered in any manner that violates any state or federal law, (iii) may have a lawful use and be lawfully possessed, and (iv) are not subject to section 29-440 shall be restored to the owner.

Neb. Rev. Stat. § 29-820.

5

has an actionable Fifth Amendment takings claim when the government takes his property without paying for it." *Knick v. Township of Scott*, 588 U.S. 180, 185 (2019). "The government commits a taking when it 'physically takes possession of property without acquiring title to it.'" *Novak v. Federspiel*, 140 F.4th 815, 820 (6th Cir. 2025) (quoting *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 147 (2021)).

Here, the Complaint's allegations and Plaintiff's state court records establish that Plaintiff's property was not taken for public use within the meaning of the Fifth Amendment. On the contrary, by all indications, neither the defendants nor any government official retains possession of the firearms in question as Judge Carson granted Plaintiff's motion for return of his property and released the property to Plaintiff's designated representative. Moreover, Judge Carson's decision to transfer ownership of the firearms to Plaintiff's designated representative due to Plaintiff's inability to lawfully possess the firearms under Nebraska law constitutes an exercise of the State's police power[5] and not a taking for public use for which Plaintiff would be entitled to compensation. *See AmeriSource Corp. v. United States*, 525 F.3d 1149, 1154 (Fed. Cir. 2008) (citing *Bennis v. Michigan*, 516 U.S. 442, 453 (1996)) ("[So long as the government's exercise of authority was pursuant to some power other than eminent domain, then the plaintiff has failed to state a claim for compensation under the Fifth Amendment."). Plaintiff's Fifth Amendment takings claim, thus, fails and will be dismissed.

---

[5] The Court notes that Nebraska law specifically provides that the court in which "a complaint has been filed in connection with which the property was or may be used as evidence . . . shall have exclusive jurisdiction for disposition of the property or funds and to determine rights therein, including questions respecting the title, possession, control, and disposition thereof." Neb. Rev. Stat. § 29-818.

## C. Due Process

Plaintiff also appears to assert a due process claim under the Fourteenth Amendment.[6] *See* Filing 1 at 3. The Due Process Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. "Generally, 'due process requires that a hearing before an impartial decisionmaker be provided at a meaningful time, and in a meaningful manner.'" *Booker v. City of Saint Paul*, 762 F.3d 730, 734 (8th Cir. 2014) (quoting *Coleman v. Watt*, 40 F.3d 255, 260 (8th Cir. 1994)).

Here, Plaintiff does not allege any facts showing that he was denied any process he was due. Rather, Plaintiff's allegations and state court records show that Plaintiff filed a request for return of his property and the state district court held a hearing and granted Plaintiff's request for a court order releasing his property to his designated representative. The Eighth Circuit has recognized that a motion for return of property seized in a criminal case under Nebraska law provides an adequate post-deprivation remedy. *See Goodman v. Pollack*, 668 F. App'x 670 (8th Cir. 2016) (holding plaintiff could not proceed on due process claim related to seizure of personal property during a criminal investigation because motion for return of property seized in a criminal case under Nebraska law provides an adequate post-deprivation remedy). As it stands, Plaintiff's Complaint fails to demonstrate that the process provided to Plaintiff was inadequate and, thus, fails to state a plausible due process claim.

## D. State Law Claims

Plaintiff may be asserting state law tort claims by referencing his claim against Buffalo County under the Nebraska Political Subdivision and Tort Claim Act, Neb. Rev. Stat. § 13-910,

---

[6] While Plaintiff also cites to the Fifth Amendment in reference to his due process claim, Filing 1 at 3, his allegations do not involve any federal actors making the Fifth Amendment due process provisions inapplicable here. *Truong v. Hassan*, 829 F.3d 627, 631 n.4 (8th Cir. 2016) ("The due process clause of the Fifth Amendment applies only to the federal government.").

Filing 1 at 16, and "the defendant's reluctance to work with [him] by ignoring [his] tort," Filing 1 at 5. When a district court has disposed of all federal claims that conferred original jurisdiction, it may decline to exercise supplemental jurisdiction over remaining state-law claims. 28 U.S.C. § 1367(c)(3). Usually, the dismissal of the federal claims "will point toward declining to exercise jurisdiction over the remaining state-law claims." *Wilson v. Miller*, 821 F.3d 963, 971 (8th Cir. 2016) (quotation omitted). Because the Court concludes Plaintiff's federal law claims should be dismissed for failure to state a plausible claim for relief, the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may seek to raise in his Complaint.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a plausible claim for relief under 42 U.S.C. § 1983 and is, therefore, subject to dismissal pursuant to 28 U.S.C. § 1915A. The Court, therefore, will dismiss Plaintiff's federal law claims with prejudice and without leave to amend as the Court finds further amendment would be futile. *Horras v. Am. Cap. Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013) (district court may deny leave to amend when amendment would be futile). Plaintiff's state law claims, to the extent they are raised here, are dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice as to Plaintiff's federal law claims and without prejudice to any state law claims.

2. The Court will enter a separate judgment.

Dated this 20th day of April, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge

8